# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ID No. 0810013184 |
| | ) | |
| JERMAINE CARTER | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## CORRECTED OPINION

**Submitted:** August 6, 2017
**Decided:** October 31, 2017
**Reissued:** November 29, 2017

*Upon State's Motion to Restrict Discovery,* **GRANTED.**

Gregory E. Smith, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 North French Street, 7th Floor, Wilmington, Delaware 19801, *Attorney for the State*

Jermaine Carter, *pro se*, ID No. 0810013184, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977.

**BRADY, J.**

## I. INTRODUCTION & PROCEDURAL BACKGROUND

The State has filed a Motion to Restrict Discovery in the above-referenced matter, prompted by the Defendants' *pro se* appeal of the Order of this Court, dated February 23, 2017, denying his motion for postconviction relief. The State seeks to prevent the release of recordings of victim interviews to a third party[1] claiming the information therein is highly personal.

Further, former defense counsel seeks guidance regarding what portions of his file may be provided to Defendant without redactions. The Court required the State to itemize those documents it did not wish to allow be provided, unredacted, to the Defendant, and to provide copies of any such documents, redacted and unredacted for an *in camera* review. The Court received a volume of information on August 6, 2017, and has reviewed each item. This is the Court's decision.

## II. FACTS

On October 13, 2008, Defendant approached Cherish Ford ("Ford") on Wilmington Street while she was taking her child out of her car. Defendant displayed a silver colored handgun and stated "give me your money." Ford turned over $4, several credit cards and her purse, after which Carter fled.

On October 14, 2008, in the 800 block of North Madison Street in Wilmington, Defendant pulled Deja Hardin ("Hardin") into an alley, told her, "don't move or I'll kill you," and robbed her of an MP-3 player and her purse.

On October 15, 2008, T.T.[2] was walking in the 1400 block of Northeast Boulevard in Wilmington, Delaware. Defendant approached T.T., displayed a silver handgun, and forced her into an alley near the 1100 block of 14th Street. Defendant ordered T.T. to remover her pants and

---

[1] Per former defense counsel, Mr. Carter may not possess that form of media in the prison.
[2] Initials are being substituted for the victims' full names in the cases involving rape charges.

2

underwear and told her to get on her knees. Defendant then raped her anally and vaginally, took three silver-colored rings from her and fled on foot. T.T. immediately reported the crimes, underwent a sexual assault examination at a hospital at which evidence was collected, and identified Defendant as her assailant from a photographic lineup.

On October 16, 2008, Defendant encountered R.T. walking in the 3100 block of North Jefferson Street. Defendant produced a silver and black handgun, place the gun at the back of R.T.'s head, grabbed R.T. by the arm, and forced her into the rear yard of a house in the vicinity, where Defendant engaged in nonconsensual sexual intercourse with R.T. Defendant then emptied the contents of R.T.'s book bag, took a cell phone, and fled on foot. R.T. then spotted two teenagers who were on their way to school, one of which contacted the police. R.T. underwent a sexual assault examination at a hospital at which evidence was collected.

Police arrested Defendant on October 17, 2008. At the time of the arrest, Defendant was in possession of silver and black handgun. Defendant was taken into custody and admitted to going into an alley with T.T., but asserted that they had done so for the purpose of having consensual sexual intercourse. Defendant admitted displaying a handgun and taking property from T.T. Defendant admitted robbing R.T., but denied raping her. Defendant also confessed to robbing both Ford and Hardin.

On December 8, 2008, the New Castle County Grand Jury indicted Defendant on counts of Rape in the First Degree, Kidnapping in the Second Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited ("PFPP"), and Robbery in the First Degree.[3] On December 18, 2009 Defendant pled guilty to Rape in the First Degree, Rape in the Second Degree, Robbery in the First Degree, PFDCF, and

---

[3] Indictment, *State v. Carter*, ID. No. 0810013184, Docket No. 4 (Dec. 8, 2008).

3

two counts of Kidnapping in the Second Degree during a full colloquy with the Court.[4] On June 4, 2010 when Defendant was scheduled to be sentenced, defense counsel and the State presented Defendant's mental health evaluations to the Court. The Court found a factual basis to change the plea to guilty but mentally ill, and conducted a brief colloquy with Defendant.[5] Because Defendant was pleading to the same charges, once the Court found that Defendant qualified for the guilty but mentally ill plea, and that he voluntarily wished to change to such, the Court noted that it was satisfied with Defendant's answers at the December 9, 2009, Plea Hearing.[6] Defendant was then sentenced to life imprisonment, plus 45 years.[7] Defendant did not file a direct appeal to the Delaware Supreme Court.

The Defendant filed a Motion for Postconviction Relief, making numerous claims of ineffectiveness by prior counsel. Counsel was appointed to represent him with regard to the Motion. On February 23,2017, this Court denied the Motion and allowed appointed counsel to withdraw. The Defendant appealed that decision. The present matter before the Court arises from the prosecution of that appeal.

### III. ANALYSIS

The Court reviewed the redacted and unredacted copies of documents provided by the State. The nature of the redacted information is itemized below; utilizing the same numbering as to each document as was listed in the State's correspondence.

1. DNA Unit Analysis Reports for Police Complaint No. 30-08-85586.

   Deleted all but initials of names.

2. DNA Unit Analysis Reports for Police Complaint No. 30-08-96025 and Police Complaint No. 30-08-96338.

---

[4] Trial Calendar/Plea Hearing, *State v. Carter*, ID. No. 0810013184, Docket No. 27 (Dec. 18, 2009).
[5] Transcript of Sentencing, *State v. Carter*, Id. No. 0810013184, at *15 (June 4, 2010).
[6] Transcript of Sentencing, *State v. Carter*, Id. No. 0810013184, at *15 (June 4, 2010).
[7] Order, *State v. Carter*, Id. No. 0810013184, Docket No. 41 (June 4, 2010).

4

Deleted all but initials of names.

3. Transcript of Jermaine Carter's October 17, 2008 statement to police.

    Deleted where Defendant was staying
    Deleted where Dad was staying
    Deleted where Defendant works
    Deleted Mom's name
    Deleted Brother's name
    Deleted Dad's name
    Deleted Sisters' names
    Deleted where he stayed on particular date
    Deleted some locations
    Deleted Defendant phone number
    Deleted Defendant address
    Deleted Defendant workplace location
    Deleted Defendant's Social Security number
    Deleted Defendant's date of birth

4. Christiana Care Medical/FNE records for Victim TT.

    Deleted full name/signature

5. Christiana Care Medical/FNE records for Victim SN.

    Deleted full name/signature
    Note – stapled papers include a lineup array

6. Christiana Care Medical/FNE records for Victim RT.

    Deleted name/signature of Victim
    Additionally, the ER Dept. page deleted Victim's personal information including health insurance information

7. Photo lineups used for identification in Complaint No. 30-08-89710.

    Appears signature might be deleted; this Judge saw no difference between redacted and unredacted copies.

8. Photo lineups used for identification in Complaint No. 30-0-85586.

    Deleted signature

9. Victim/witness criminal history information.

   Series of DELJIS charge summaries
   Deleted names/dates of birth of the individuals
   The Court notes that one of the records reflects a felony conviction.

10. Transcript of SN police interview, dated September 14, 2008.

    Deleted specific address on Vandever Avenue
    Deleted first name of individual on whose door the Victim knocked
    Deleted full name of Victim

11. Transcript of TT police interviews, dated October 15 and 17, 2008.

    Deleted Victim's name/date of birth
    Deleted Victim's address/phone number
    Deleted Victim's brother's name
    Deleted specific locations
    Deleted name M_____
    Deleted name D_____
    Deleted name R_____
    In Photo Array, deleted full name of Victim, TT

12. Transcript of RT interview, dated October 17, 2008.

    Deleted RT's full name
    Deleted RT's date of birth
    Deleted RT's address
    Deleted RT's phone number
    Deleted Mom's name
    Deleted RT's high school

13. Initial Crime Report, by S/Cpl. Bozeman, dated October 17, 2008, for Complaint No. 30-08-96656

    Deleted Defendant's date of birth, address, employment

14. Supplemental Report, by Ptlm. Jones, dated October 17, 2008, for Complaint No. 30-08-96656

    No deletions

15. Supplemental Report, by Cpl. Gearhart, dated October 18, 2008, for Complaint No. 30-08-96656

    Deleted Defendant's date of birth

16. Supplemental Report, by Cpl. Law, dated November 3, 2008, for Complaint No. 30-08-96656

    No deletions.

17. Supplemental Report, by Sgt. Spell, dated November 11, 2008, for Complaint No. 30-08-96656

    Deleted Defendant's date of birth, address, employer, phone,

18. Supplemental Report, by S/Cpl. Bozeman, dated May 20, 2008, for Complaint No. 30-08-96656

    No deletions

19. Automated Arrest Report

    Deleted Defendant's date of birth
    Deleted Victim's high school

20. Initial Report by Cpl. Donahue, dated October 15, 2008, for Complaint No. 30-08-95971

    The Court could not locate this report.

21. Supplemental Report by Ptlm. Lenhardt, dated October 17, 3008 for Complaint No. 30-08-95971

    Deleted Victim's full name, address
    Deleted Defendant's date of birth, address

22. Supplemental Report by Cpl. Stoddard, dated October 17, 2008 for Complaint No. 30-08-95971

    Deleted Victim's name, phone, address
    Deleted Defendant's date of birth, address, employment
    Deleted location of incident

23. Automated Arrest Report, for Complaint No. 30-08-95971

    Deleted Victim's full name, address, date of birth
    Deleted Defendant's date of birth, address, employment, zip code, social security number, and relative information

7

24. Initial Report by Ptlm. Kavanaugh, dated October 16, 2008, for Complaint No. 30-08-96338

    Deleted Victim's full name, address, phone, date of birth

25. Supplemental Report, by Cpl. Buhrman, dated October 17, 2008, for Complaint No. 30-08-96338

    Deleted Victim's name, address

26. Supplemental Report, by Cpl. Rhoades, dated October 17, 2008, for Complaint No. 30-08-96338

    Deleted Defendant's date of birth

27. Supplemental Report, by Cpl. Stoddard, dated October 17, 2008, for Complaint No. 30-08-96338

    Deleted Defendant's date of birth, address, employer, phone/Father's address
    Deleted Victim's full name, address, phone
    Deleted specific location on N. Jefferson Street
    Deleted 3 witness names, residence addresses

28. Supplemental Report, by Cpl. Gearhart, dated October 18, 2008, for Complaint No. 30-08-96338

    No deletions.

29. Supplemental Report, by Cpl. Law, dated October 20, 2008, for Complaint No. 30-08-96338

    No deletions.

30. Supplemental Report, by Cpl. Rhoades, dated October 22, 2008, for Complaint No. 30-08-96338

    No deletions.

31. Supplemental Report, by Det. Mullin, dated October 22, 2008, for Complaint No. 30-08-96338

    Deleted name of individual whose blood sample he collected.

32. Supplemental Report, by Cpl. Snyder, dated November 2, 2008, for Complaint No. 30-08-96338

Deleted Victim's name except for initials
Deleted name of Victim's high school
Deleted address(es) on two envelopes

33. Supplemental Report, by Det. Mullin, dated February 12, 2009, for Complaint No. 30-08-96338

Deleted name of Victim except for initials.

34. Automated Arrest Report, for Complaint No. 30-08-96338

Deleted Victim's full name, address, date of birth
Deleted Defendant's date of birth, address, employment, zip code, social security number, and relative information

35. Supplemental Report, by Ptlm. Lenhardt, dated October 17, 2008, for Complaint No. 30-08-95655

Deleted location of incident
Deleted Victim's name, date of birth, address, phone, high school and guardian information
Deleted Defendant's date of birth

36. Supplemental Report, by Cpl. Stoddard, dated October 17, 2008, for Complaint No. 30-08-95655

Deleted location of incident
Deleted Victim's name, date of birth, address, phone, and guardian information
Deleted Defendant's date of birth

37. Automated Arrest Report, for Complaint No. 30-08-95655

Deleted Victim's full name, address, date of birth
Deleted Defendant's date of birth, address, employment, zip code, social security number, and relative information

38. Initial Report, by Ptlm. Cancila, dated September 25, 2008, for Complaint No. 30-89710

Deleted Victim's name, address, phone, date of birth

39. Supplemental Report, by CPl. Flaherty, dated October 31, 2008, for Complaint No. 30-08-89710

Deleted Victim's name, address, phone, date of birth

Deleted Defendant's date of birth, address

40. Supplemental Report, by Cpl. Flaherty, dated February 10, 2009, for Complaint No. 30-08-95306

Deleted Victim's name, address, phone, date of birth
Deleted Defendant's date of birth, address

41. Initial Report, by Ptlm. Whitehead, dated October 13, 2008, for Complaint No. 30-08-95306

Deleted Victim's name, address, phone, date of birth
Deleted specific location where officer contacted Victim
(from context, appeared to be Victim's residence)

42. Supplemental Report, by Ptlm. Lenhardt, dated October 17, 2008, for Complaint No. 30-08-95306

Deleted Victim's name, address
Deleted location of offense

43. Supplemental Report, by Det. Mullin, dated October 17, 2008, for Complaint No. 30-08-95306

Deleted Victim's name, address, phone, date of birth
Deleted original location of offense
Deleted Defendant's date of birth, address, employer, phone

44. Supplemental Report, by Det. Mullin, dated October 17, 2008, for Complaint No. 30-08-95306

Deleted location of incident

45. Supplemental Report, by Det. Mullin, dated March 26, 2009, for Complaint No. 30-08-95306

Deleted Victim's name, address, phone, date of birth
Deleted original location of offense
Deleted Defendant's date of birth, address, employer, phone

46. Automated Arrest Warrant for Complaint No. 30-08-95306

Deleted Victim's full name, address, date of birth
Deleted Defendant's date of birth, address, employment, zip code, social security number, and relative information

47. Initial Report, by Ptlm. Lynch, dated September 14, 2008 for Complaint No. 30-08-85586

   Deleted original location
   Deleted Victim's name, address, date of birth
   Deleted specific address on Vandever Avenue

48. Supplemental Report, by Det. Tabor, dated February 14, 2009, for Complaint No. 30-08-85586

   Deleted Victim's name, address, phone, date of birth
   Deleted original location of offense
   Deleted Defendant's date of birth, address

49. Initial Report, by Ptlm. McCoy, dated October 15, 2008, for Complaint No. 30-08-96025

   Deleted Victim's name, address, phone, date of birth
   Deleted original location of offense

50. Supplemental Report, by Det. Mullin, dated October 17, 2008, for Complaint No. 30-08-96025

   Deleted Victim's name, address, phone, date of birth
   Deleted Defendant's date of birth, address, employer, phone

51. Supplemental Report, by Det. Mullin, dated October 21, 2008, for Complaint No. 30-08-96025

   Deleted Victim's name, address, phone, date of birth
   Deleted Defendant's date of birth, address, employer, phone

52. Supplemental Report, by Det. Mullin, dated October 21, 2008, for Complaint No. 30-8-96025

   Appears to be a duplicate entry on the State's list.

53. Supplemental Report, by Cpl. Gearhart, dated October 18, 2008, for Complaint No. 30-08-96025

   No deletions.

54. Supplemental Report, by Det. Mullin, dated October 22, 2008, for Complaint No. 30-08-96025

   Deleted Victim's name, address, phone, date of birth

Deleted Defendant's date of birth, address, employer, phone

55. Supplemental Report, by Cpl. Karschner, dated Nov. 27, 2008, for Complaint No. 30-09-96025

Deleted Victim's name
Deleted where police officer made contact with Victim to collect evidence

56. Supplemental Report, by Ptlm. McCoy, dated December 31, 2008, for Complaint No. 30-08-96025

Deleted Victim's name, address, phone, date of birth
Deleted Defendant's date of birth, address, employer, phone

57. Supplemental Report, by Det. Mullin, dated February 12, 2009, for Complaint No. 30-08-96025

Deleted Victim's name

58. Supplemental Report, by Det. Mullin, dated March 23, 2009, for Complaint No. 30-08-96025

Deleted Victim's name, address, phone date of birth
Deleted Defendant's date of birth, address, employer, phone
Deleted the names of four people contacted and their addresses, phones and dates of birth

59. Probation and Parole Administrative Warrant, dated October 17, 2008

Deleted Defendant's date of birth

60. Search Warrant

Deleted Defendant's date of birth
Deleted Victims' names, except for what appears to be the initials of the first names
Deleted the Defendant's father's address
Deleted the Defendant's aunt's address

61. Det. Mullin's notes for Complaint No. 30-08-96025

Deleted Victim's name, address

62. Det. Tabor's notes for Complaint No. 30-08-85586

Deleted name of person being interviewed except for initials

63. Sgt. Spell's miscellaneous notes re: Jermaine Carter's interview

> Deleted last names of two Victims
> Deleted Victim's work address, cell phone number
> Deleted full name of individual interviewed with initials D__ A__

64. Transcript of police interview of JJW, dated October 16, 2008

> Deleted name of witness, date of birth, mom's name, address

65. Transcript of police interview of DJ, dated October 16, 2008

> Deleted name of witness except for initials

66. Jermaine Carter's Criminal History

> Deleted Defendant's date of birth

As is evident from the above, the Court has reviewed each document in detail, and considered the significance or importance of any of the deleted information to the central issues that might be presented by the Defendant at this stage of the procedural status of the case.

The Court finds that the nature of the exclusions will not affect the Defendant's ability to represent himself in any postconviction proceedings, including direct appeal or any collateral attack on the convictions under consideration. The Defendant shall be provided only those documents which have the redactions as reflected in the documents provided for review.

The Court is also satisfied that there has been no showing that the Defendant has any need for the recordings of the Victims' statements, which, given the sexual nature of the charges, do contain highly personal information. To put those items into the hands of someone with no legal or ethical responsibility to the Court could be highly intrusive of the individual's privacy. Further, the Defendant has alleged no specific prejudice he might suffer if the recordings were not provided. The State is not required to provide Defendant or his representative copies of any

such recordings, and any current or former counsel is prohibited from doing so without specific leave of the Court.

**IT IS SO ORDERED.**

_____

**M. Jane Brady**
Superior Court Judge

14